**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| JACOB DRAKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EMORTGAGE FUNDING LLC,<br>Defendant. | Case No. 8:26-cv-00697-WFJ-AAS |

**DEFENDANT EMORTGAGE FUNDING LLC'S MOTION TO DISMISS COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant eMortgage Funding LLC ("eMortgage") moves to dismiss Plaintiff Jacob Drake's ("Plaintiff") Complaint and states as follows:

## I. INTRODUCTION

Plaintiff's Complaint attempts to transform a limited series of telemarketing calls occurring over approximately two days into a putative class action under the Telephone Consumer Protection Act ("TCPA") and Florida Telephone Solicitation Act ("FTSA"). But despite the Complaint's repeated use of conclusory terms such as "robocalls" and "automated" calls, Plaintiff does not assert a claim under 47 U.S.C. § 227(b) for use of an automatic telephone dialing system. Instead, Plaintiff asserts claims under the TCPA's National Do-Not-Call ("National DNC") and internal do-not-call provisions, as well as the FTSA.

Plaintiff's TCPA and FTSA claims are inadequately pleaded. Although Plaintiff asserts a claim under the TCPA's National DNC provisions, the Complaint does not allege that Plaintiff's telephone number was listed on the National DNC Registry. Plaintiff instead alleges only that his number was listed on the *Florida* Do Not Call Registry during the relevant period. This omission alone sinks Count I, which purports to state a claim for a TCPA violation due to Plaintiff's inclusion in the National DNC Registry. As to Count II, Plaintiff does not allege a plausible failure to "institute procedures" compliant with 47 C.F.R. § 64.1200(d), which provides entities like eMortgage a reasonable-time framework of ten days to respond to do-not-call requests. Here, the entire universe of calls at issue took place over just two days—well within the "reasonable time" given by this regulation to respond to Plaintiff's alleged do-not-call request. In addition, to the extent Plaintiff seeks treble damages under the TCPA in Counts I and II, his Complaint further fails to sufficiently allege the requisite knowing and willful conduct required to recover such damages. Plaintiff's FTSA claim based on these same alleged phone calls likewise fails, as it does not plausibly state a claim for relief under that Act. Lastly, to the extent Plaintiff purports to state a claim on behalf of a putative class, those claims should be dismissed, as Plaintiff does not allege he suffered the same injury as the putative class.

In sum, the Complaint relies on broad statutory recitations and conclusory assertions rather than factual allegations plausibly establishing liability under the TCPA and FTSA. Accordingly, the Complaint should be dismissed.

## II. BACKGROUND

Plaintiff alleges that eMortgage placed ten telemarketing calls to Plaintiff's cellular telephone number over a two-day period on April 1 and April 2, 2025. Doc. 1 ¶ 29. Plaintiff further alleges that his number was registered on the Florida Do Not Call Registry, and he never requested to receive calls or communications from eMortgage. *Id*. ¶¶ 26–27. Importantly, in his factual allegations, Plaintiff does not allege that his number was registered on the National DNC Registry. Nor does Plaintiff assert a claim under 47 U.S.C. § 227(b), based on use of an automatic telephone dialing system. Instead, the Complaint alleges that Plaintiff "spoke multiple times with the caller," who allegedly called on behalf of eMortgage regarding mortgage refinancing services. *Id*. ¶ 31. Plaintiff further contends, without identifying the timing or substance of each alleged request, that he asked not to receive further telephone solicitations and that eMortgage continued calling thereafter. *Id*. ¶¶ 34, 36. Based on these allegations, Plaintiff asserts three counts: Count I for alleged violation of the TCPA's National DNC provisions, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c); Count II for alleged violation of the TCPA's

internal do-not-call procedures, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d); and Count III for alleged violation of the FTSA, Fla. Stat. § 501.059(4). *Id.* ¶¶ 53–100.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also, e.g.*, *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## IV. ARGUMENT

### A. Count I Fails Because Plaintiff Does Not Plausibly Allege National DNC Registration.

To state a claim under 47 C.F.R. § 64.1200(c)(2), Plaintiff must allege, among other things, that his telephone number was registered on the National DNC Registry for the requisite statutory period before the challenged calls. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). The Complaint does not do so. Although the

Complaint generally references the National DNC Registry and alleges that Plaintiff's number appeared on the Florida Do Not Call Registry, Plaintiff does not allege that his telephone number was registered on the National DNC Registry at the time of the alleged calls. Courts have recognized that failure to allege National DNC registration is a pleading deficiency under § 64.1200(c). *See, e.g., Spinelli v. Storm Tight Windows, Inc.*, 2019 WL 13292490, at *4 n.4 (S.D. Fla. Feb. 20, 2019) (holding plaintiff failed to state a claim under 47 C.F.R. § 64.1200(c)(2) where the complaint did not allege plaintiff "was registered with the national do-no-call registry when he received more than one call/text"). Count I should therefore be dismissed.

B. <u>Count II Fails to Plausibly Allege a Violation of 47 C.F.R. § 64.1200(d).</u>

Count II asserts a claim under 47 C.F.R. § 64.1200(d), which requires telemarketers to "institute[] procedures" for maintaining internal do-not-call lists and honoring do-not-call requests. But the regulation does not impose strict liability for every call allegedly placed after a consumer expresses disinterest. Rather, the regulation requires that a do-not-call request be honored within a "reasonable time," which "may not exceed ten (10) business days from the receipt of such request." *Id.* § 64.1200(d)(3).

Courts in this jurisdiction applying § 64.1200(d) have recognized that the regulation contemplates reasonable-time compliance rather than instantaneous suppression of calls. In *Nece v. Quicken Loans, Inc.*, 2018 WL 1326885 (M.D. Fla.

Mar. 15, 2018), the court explained that § 64.1200(d)(3) requires a company to "implement a procedure to honor a do-not-call request in a reasonable time, *not immediately*." *Id*. at *5–6 (emphasis added). The court further recognized that isolated or sporadic failures to timely record a do-not-call request do not themselves establish that a defendant failed to institute compliant procedures under § 64.1200(d). *Id*. at *8 (holding that "scattered non-compliance purportedly evidenced by a handful of calls falls short of establishing a genuine dispute whether [defendant] called [plaintiff] before instituting a procedure compliant with Section 64.1200(d)(3)" (alteration adopted) (quotation omitted)).

Here, Plaintiff alleges only that calls continued during an approximately two-day period after Plaintiff allegedly requested that the calls stop at some unspecified point during that period. Doc. 1 at ¶¶ 29, 34. The Complaint contains no factual allegations regarding Defendant's actual policies, training, internal procedures, or alleged failure to institute compliant do-not-call procedures. Nor does the Complaint plausibly allege facts showing that any purported request was sufficiently clear, consistently communicated, or ignored over a period exceeding the regulation's reasonable-time framework of ten days. At most, the Complaint alleges a limited number of calls occurring during a compressed timeframe well within the ten-day "reasonable time" framework, where Plaintiff allegedly spoke with different callers using different telephone numbers. Such allegations do not plausibly establish that

Defendant failed to "institute procedures" compliant with § 64.1200(d). Accordingly, Count II should be dismissed.

C. The Complaint Fails to Plausibly Allege Knowing or Willful Conduct.

In Counts I and II, Plaintiff contends he is entitled to an award of treble statutory damages "for each telephone solicitation that Defendant placed in knowing or willful violation of the TCPA." *See* Doc. 1 at ¶¶ 69, 86. As relevant here, the TCPA only permits enhanced damages for "willful[] or knowing[]" violations. 47 U.S.C. § 227(b)(3). The Eleventh Circuit has made clear that allegations of intentional calling alone are insufficient to establish a willful or knowing violation under the TCPA. For example, in *Lary v. Trinity Physician Financial & Insurance Services*, 780 F.3d 1101 (11th Cir. 2015), the Eleventh Circuit affirmed the denial of treble damages even where the plaintiff alleged that defendants used an automatic telephone dialing system to send unsolicited advertisements in violation of the TCPA and expressly alleged that the violations were "willful" and "knowing." *See id.* at 1107. The court held that such allegations were insufficient because the plaintiff failed to allege facts showing the defendants knew the conduct violated the statute, including facts showing the defendants knew the line at issue was an emergency line or knew the fax advertisements were unsolicited. *Id*.

Here, the Complaint alleges a limited number of calls occurring over approximately two days. Doc. 1 at ¶ 29. Plaintiff vaguely alleges that an unspecified

do-not-call request was made at some unknown point during that same compressed period. *Id*. at ¶ 34. Even accepting those allegations as true for purposes of this Motion, they do not plausibly establish knowing or willful misconduct. As the Eleventh Circuit in *Lary* explained, "the bare assertion in [a] complaint that the defendants 'willfully' and 'knowingly' violated the Act [i]s a legal conclusion, not an allegation of fact that [the court] must accept as true." *Lary*, 780 F.3d at 1107 (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.")).

At most, the Complaint alleges a dispute regarding the timing and processing of alleged do-not-call requests. But the governing regulations require that such requests be honored within a reasonable time, not instantaneously. *See* 47 C.F.R. § 64.1200(d)(3). The Complaint does not plausibly allege facts showing that Defendant intentionally disregarded a known do-not-call request, knowingly used prohibited technology, or otherwise acted with the level of knowing or reckless misconduct necessary to support treble damages. Instead, the allegations describe calls occurring during a short timeframe while Plaintiff allegedly communicated with different callers using different telephone numbers. Such allegations fall short of plausibly establishing a knowing or willful TCPA violation under *Twombly,*

*Iqbal,* and *Lary*. Accordingly, Plaintiff's requests for treble damages should be rejected.

D. Count III Fails to State a Plausible Claim Under the FTSA.

Count III should be dismissed because the Complaint fails to plead sufficient factual allegations to plausibly establish liability under Fla. Stat. § 501.059(4) or provide Defendant fair notice of the precise conduct allegedly violating the statute. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

To state a claim under Fla. Stat. § 501.059(4), Plaintiff must allege that Defendant made an unsolicited "telephonic sales call" to a number appearing on the Florida Do Not Call Registry. *Brown v. Care Front Funding*, 2023 WL 3098355, at *4–5 (M.D. Fla. Apr. 6, 2023) (finding FTSA allegations insufficient where complaint failed to plausibly allege facts establishing liability under the statutory subsection asserted). The FTSA defines a "telephonic sales call" as a call made "for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for" such purposes, or obtaining information to be used for such solicitation. Fla. Stat. § 501.059(1)(j).

Here, the Complaint does not clearly identify which factual allegations support Plaintiff's theory that each challenged call constituted an actionable 'telephonic sales call' within the meaning of the statute. Instead, Plaintiff broadly aggregates multiple alleged calls over a two-day period without clearly identifying

which factual allegations support liability under Fla. Stat. § 501.059(4), as opposed to Plaintiff's separate TCPA theories.

The Complaint likewise omits basic factual allegations necessary to place Defendant on fair notice of the claim. Plaintiff does not identify the telephone number allegedly called, which specific calls purportedly violated the FTSA, or which factual allegations specifically support Count III itself. Plaintiff also alleges only "upon information and belief" that his number appeared on the Florida Do Not Call list "at all relevant times," without identifying when the number was allegedly registered or whether it appeared on the applicable quarterly listing at the time of each challenged call. Defendant cannot reasonably confirm or assess these conclusory allegations from the face of the Complaint. Instead, Plaintiff relies primarily on generalized allegations and statutory recitations while blending together multiple theories relating to Florida Do Not Call registration, alleged stop requests, and purported automated calling practices. Such conclusory and overlapping allegations are insufficient under *Twombly* and *Iqbal* to plausibly establish entitlement to relief or permit Defendant to meaningfully assess and defend against the precise FTSA claim asserted. Accordingly, Count III should be dismissed.

E. The Class Allegations Should Be Dismissed or Stricken.

Plaintiff's class allegations should be dismissed or stricken because the proposed class definitions are internally inconsistent and fail to plausibly identify a coherent class theory. Although the Complaint's factual allegations regarding Plaintiff concern *telephone calls*, the proposed classes are defined based on their receipt of *text messages*. Doc. 1 ¶ 43. This blatant inconsistency between Plaintiff's allegations and the claims of the proposed putative classes underscore the Complaint's failure to clearly identify the conduct allegedly giving rise to class-wide liability—Plaintiff (who received only phone calls) does not have standing to represent a class of individuals who are alleged to have received only text messages. *See, e.g.*, *Veal v. Crown Auto Dealerships, Inc.*, 236 F.R.D. 572, 577 (M.D. Fla. 2006) (noting that for class claims to stand, a court "must determine whether the class representative is part of the class and possesses the same interest and suffered the same injury as the class members" (internal quotation marks and citation omitted)). Because Plaintiff does not even plausibly allege that he suffered the same injury as the putative classes at issue, he certainly has not plausibly established commonality, predominance, or ascertainability under Rule 23. The class allegations should be dismissed or stricken.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint, dismiss or strike the class allegations, dismiss Plaintiff's requests for enhanced damages, and grant such further relief as the Court deems just and proper.

Dated: May 20, 2026

Respectfully submitted,

*/s/ Nathan H. Lichtenstein*
Nathan H. Lichtenstein
IL Bar No. 1655469
Khoa D. Trinh
IL Bar No. 6351044
**ARONBERG GOLDGEHN**
225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
nlichtenstein@agdglaw.com
ktrinh@agdglaw.com

Carly A. Kligler
Fla. Bar No. 83980
Sarah Gunn Perryman
Fla. Bar No. 1050375
**HILGERS PLLC**
3801 PGA Boulevard, Suite 600
Palm Beach Gardens, FL 33410
Telephone: (561) 485-1325
ckligler@hilgerslaw.com
sperryman@hilgerslaw.com

*Attorneys for Defendant eMortgage Funding LLC*

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), undersigned counsel for eMortgage Lending LLC certifies that on May 19, 2026, counsel for eMortgage contacted counsel for Plaintiff via email regarding eMortgage's intent to file this Motion to Dismiss based on the Complaint's failure to state a claim and requested Plaintiff's position on the Motion. Plaintiff's counsel confirmed that Plaintiff opposes the Motion.

*/s/ Khoa Trinh*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2026 I electronically filed the foregoing document with the Clerk of the court using the CM/ECF system, which sent notification of said filing to all CM/ECF participants.

*/s/ Khoa Trinh*