**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| JACOB DRAKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EMORTGAGE FUNDING LLC,<br>Defendant. | Case No. 8:26-cv-00697-WFJ-AAS |

**DEFENDANT EMORTGAGE FUNDING LLC'S PARTIAL MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS**

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), Defendant eMortgage Funding LLC ("eMortgage") moves to dismiss Counts 2 and 3 of Plaintiff Jacob Drake's ("Plaintiff") First Amended Class Action Complaint, Doc. 16 ("FAC"), as well as Plaintiff's request for treble damages, and to strike Plaintiff's proposed TCPA Internal Do-Not-Call Class and FTSA Internal Do-Not-Call Class allegations. In support, eMortgage states as follows:

## I. INTRODUCTION

The FAC expands the scope of this action by asserting five statutory claims arising from ten alleged telemarketing calls made over a two-day period in April 2025. Although Plaintiff has amended his pleading, several claims still fail to satisfy the pleading requirements of Rule 12(b)(6). Most notably, Plaintiff's TCPA internal do-not-call claim rests on conclusory allegations that Defendant lacked the written

policies and procedures required by 47 C.F.R. § 64.1200(d), despite the fact that he has not alleged that communications continued following a reasonable time after a do-not-call request. In addition, Plaintiff's newly asserted claim under the Florida Telephone Solicitation Act ("FTSA") merely recites the statutory language concerning automated dialing without alleging sufficient factual matter to plausibly support that conclusion. The FAC likewise fails to plausibly allege facts establishing that Defendant acted knowingly or willfully so as to support Plaintiff's request for enhanced statutory damages. Accordingly, Counts 2 and 3, as well as Plaintiff's request for treble damages, should be dismissed. Furthermore, Plaintiff's TCPA Internal Do-Not-Call Class and FTSA Internal Do-Not-Call Class allegations should also be stricken under Rule 12(f), as resolution of those claims will necessarily depend on individualized proof rather than common evidence, and the TCPA-related class is otherwise facially overbroad.

## II. BACKGROUND

Plaintiff alleges that Defendant eMortgage Funding LLC placed ten telemarketing calls to Plaintiff's cell phone number on April 1 and April 2, 2025 regarding mortgage refinancing. FAC ¶¶ 33, 36. Plaintiff alleges that his telephone number had been registered on both the National Do Not Call Registry and the Florida Do Not Call List before the alleged calls and that he had not provided Defendant with prior express consent to contact him. *Id.* ¶¶ 26–31.

Plaintiff further alleges that, during several of the calls, he requested that Defendant stop contacting him. *Id.* ¶¶ 43–45. Plaintiff also alleges that unidentified representatives stated Defendant's system automatically selected and dialed telephone numbers without human intervention on certain unidentified calls. *Id.* ¶ 42. Based on those allegations, Plaintiff asserts claims under the TCPA's National Do-Not-Call and internal do-not-call provisions, as well as three claims under the Florida Telephone Solicitation Act, and seeks statutory, treble, and class-wide relief.

**III. LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration adopted) (internal quotation marks and citation omitted); *see also, e.g.*, *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This Court has "considered motions to strike class allegations brought under Rule 12(f)." *Sharfman v. Premier Med., Inc.*, 2021 WL 6884683, at *3 (M.D. Fla. Dec. 29, 2021) (collecting cases).

## IV. ARGUMENT

### A. Count 2 fails to plausibly allege a violation of 47 C.F.R. § 64.1200(d).

Count 2 asserts a claim under 47 C.F.R. § 64.1200(d), which requires telemarketers to institute procedures for maintaining internal do-not-call lists and honoring company-specific do-not-call requests. Those procedural obligations include maintaining a written internal do-not-call policy, training personnel in its use, maintaining and recording company-specific do-not-call requests, and honoring such requests for five years. 47 C.F.R. § 64.1200(d). But the regulation does not impose strict liability for every call allegedly placed after a consumer expresses disinterest. Rather, it requires that a company-specific do-not-call request be

honored within a reasonable time, not to exceed *thirty (30) days* from the date of the request. *Id*. § 64.1200(d)(3).[1]

Courts in this jurisdiction applying § 64.1200(d) have recognized that the regulation contemplates reasonable-time compliance rather than instantaneous suppression of calls. In *Nece v. Quicken Loans, Inc.*, 2018 WL 1326885 (M.D. Fla. Mar. 15, 2018), the court explained that § 64.1200(d)(3) requires a company to "implement a procedure to honor a do-not-call request in a reasonable time, *not immediately*." *Id*. at *5–6 (emphasis added). The court further recognized that isolated or sporadic failures to timely record a do-not-call request do not themselves establish that a defendant failed to institute compliant procedures under § 64.1200(d). *Id*. at *8 (holding that "scattered non-compliance purportedly evidenced by a handful of calls falls short of establishing a genuine dispute whether [defendant] called [plaintiff] before instituting a procedure compliant with Section 64.1200(d)(3)" (alteration adopted) (internal quotation marks omitted)). Likewise, in *Cacho v. Aquotein LLC*, 2024 WL 473695, at *4 (M.D. Fla. Jan. 11, 2024), *report and recommendation adopted*, 2024 WL 2874639 (M.D. Fla. May 1, 2024), the

[1] The FCC amended § 64.1200(d)(3), effective April 11, 2025, to shorten the compliance period for honoring company-specific do-not-call requests from thirty (30) days to ten (10) business days. Because Plaintiff alleges the challenged calls occurred on April 1 and 2, 2025, the prior version of the regulation applies. *See* Strengthening the Ability of Consumers To Stop Robocalls, 89 Fed. Reg. 82518 (Oct. 11, 2024).

Middle District dismissed a claim under § 64.1200(d), concluding that allegations asserting the defendant failed to maintain written policies or records regarding do-not-call requests were conclusory where the complaint alleged no facts supporting those assertions beyond the alleged receipt of calls.

The FAC suffers from the same pleading deficiency. Rather than pleading facts concerning Defendant's actual written policies, personnel training, recordkeeping, or internal do-not-call procedures, Plaintiff merely alleges that Defendant failed to honor his alleged do-not-call requests within a reasonable time and then infers that Defendant therefore failed to maintain the procedures required by § 64.1200(d). *See* FAC ¶¶ 49–52 ("Defendant's failure to honor Plaintiff's do-not-call requests within a reasonable time strongly suggests that Defendant does not meet" § 64.1200(d)'s requirements). Those allegations are not factual; they are speculative inferences untethered to any well-pleaded facts regarding Defendant's internal compliance practices. *See Cacho*, 2024 WL 473695, at *4 (denying plaintiff's inference that defendant's failure to provide its internal do-not-call policy meant that defendant did not have one and that it did not train its agents). Even accepting every factual allegation as true, Count II does not plausibly plead the specific violation alleged. *Twombly* and *Iqbal* require more than an inference that Defendant necessarily lacked compliant policies and procedures because additional calls allegedly occurred or because "a functional suppression system would have

flagged Plaintiff's 2185 Number and prevented nine of the ten solicitations at issue." FAC ¶ 52..

Moreover, Plaintiff's own allegations undermine that inference. The FAC alleges that all ten challenged calls occurred over approximately two days—April 1 and April 2, 2025—and alleges no further communications thereafter.[2] FAC ¶ 33. The regulations expressly provide that a seller must honor a company-specific do-not-call request within a reasonable time, not to exceed *thirty (30) days from the date of the request*. 47 C.F.R. § 64.1200(d)(3). Allegations that additional calls occurred one day following a do-not-call request within the regulatory compliance period do not, standing alone, plausibly establish that Defendant failed to maintain the internal procedures required by § 64.1200(d). At most, Plaintiff alleges facts suggesting that Defendant may not have immediately processed Plaintiff's alleged requests. He does

[2] The FAC further alleges that the ten specifically identified calls are merely "non-exhaustive examples" and speculates, "upon information and belief," that discovery will reveal additional unlawful communications. FAC ¶ 33. Rule 8 does not permit Plaintiff to plead unidentified statutory violations in the hope that discovery will uncover additional actionable communications. Nor does such pleading provide Defendant fair notice of the communications allegedly giving rise to Plaintiff's claims. *See* Fed. R. Civ. P. 8(a); *Phoenix Ent. Partners, LLC v. Orlando Beer Garden, Inc.*, 2016 WL 1567590, at *5 (M.D. Fla. Mar. 30, 2016), *report and recommendation adopted*, 2016 WL 1559164 (M.D. Fla. Apr. 18, 2016) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard." (quotation omitted)).

*not* allege facts plausibly establishing that Defendant failed to institute the procedures required by § 64.1200(d). Accordingly, Count 2 should be dismissed.

B. Count 3 fails to plausibly allege that Defendant utilized an automated system for the selection or dialing of telephone numbers.

Count 3 alleges that Defendant violated Fla. Stat. § 501.059(8)(a) by making telephonic sales calls "using an automated system for the selection and dialing of telephone numbers." FAC ¶ 107. To survive dismissal, however, Plaintiff must plead sufficient factual matter permitting the reasonable inference that Defendant utilized such an automated system. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678; *Davis v. Coast Dental Servs., LLC*, 2022 WL 4217141, at *2 (M.D. Fla. Sept. 13, 2022).

The FAC fails to plausibly allege that Defendant utilized an automated system within the meaning of the FTSA. Plaintiff alleges that "[m]ultiple different representatives" purportedly disclosed that Defendant's system "utilized an auto dialer to automatically select and dial Plaintiff's telephone number without any human intervention." FAC ¶ 42. But the FAC does not identify which representatives allegedly made those statements, during which calls they were made, whether the statements related to all or only some of the alleged calls, or the substance of the conversations from which Plaintiff draws that conclusion. Nor does Plaintiff allege any facts regarding the operation or characteristics of the alleged dialing system that would independently permit the Court to infer that Defendant utilized an automated

system. Instead, Plaintiff relies on generalized, unidentified oral statements to satisfy a statutory element.

That is insufficient under *Davis*. There, the Middle District held that a plaintiff must allege facts making it plausible that the defendant used an automated dialing system, and that merely alleging the defendant utilized software that automatically selected and dialed telephone numbers was insufficient. *Davis*, 2022 WL 4217141, at *2–3. Here, Plaintiff likewise alleges no facts concerning the alleged dialing technology itself and instead relies on his generalized characterization of purported statements by unidentified representatives. As *Davis* explained, "[f]rom the facts pleaded, it is merely possible that [the defendant] violated the FTSA, but not plausible as the pleading standard requires." *Id.* at 2. Accordingly, Count 3 should be dismissed.

Additionally, Plaintiff further alleges that the listed calls are merely "non-exhaustive examples" and that discovery may reveal additional communications. FAC ¶ 33. Rule 8 does not permit Plaintiff to leave the operative conduct undefined and require Defendant to determine through discovery which unidentified communications allegedly violated which statutory provisions. *See Phoenix Ent. Partners, LLC*, 2016 WL 1567590, at *5. The FAC therefore fails to provide fair notice of the factual basis for Plaintiff's claims and should be dismissed.

C. The FAC fails to plausibly allege knowing or willful conduct.

The TCPA permits enhanced damages only for "willful[]" or "knowing[]" violations. 47 U.S.C. § 227(b)(3). The Eleventh Circuit has routinely made clear that allegations of intentional calling alone are insufficient to establish a willful or knowing violation under the TCPA. *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015) (holding that conclusory allegations a defendant "willfully" and "knowingly" violated the TCPA are insufficient to establish entitlement to treble damages); *Cacho*, 2024 WL 473695, at *6 (holding in case where "Plaintiff simply allege[d] that he told defendant he was on the do not call registry list and asked defendant to stop calling him" that Plaintiff's allegations "lack[ed] sufficient detail to establish that Defendant willfully and knowingly violated the TCPA"); *Rodriguez v. KWH Merch., Inc.*, 2025 WL 2076544, at *2–3 (M.D. Fla. July 23, 2025) (declining to award treble damages on default judgment where Plaintiff argued that Defendant's "involve[ment] in several similar—but unrelated—lawsuits with other plaintiffs in different federal courts[] . . . establish[ed] that Plaintiff willfully committed the violations in this case").

Here, Plaintiff alleges that he requested not to receive additional calls, references unrelated lawsuits and consumer complaints involving Defendant, and asserts an inference that Defendant "knew or should have known" its conduct

violated the TCPA. FAC ¶¶ 53–58. Those allegations do not plausibly establish that Defendant knew the conduct alleged in this case violated the TCPA. Generalized allegations concerning unrelated litigation or consumer complaints do not establish Defendant's knowledge with respect to the calls at issue here. *McBeth v. Credit Prot. Ass'n, L.P.*, 2015 WL 4429324, at *4 (M.D. Fla. July 20, 2015) (noting that a party's alleged "prior violations of the TCPA do not mandate a finding of knowledge or willfulness").

Plaintiff's own allegations further undermine any inference of willfulness. The FAC alleges that all challenged calls occurred over two days in April 2025 and alleges no further communications thereafter. FAC ¶ 33. At most, Plaintiff alleges that additional calls occurred during the same limited calling campaign after Plaintiff requested not to receive further calls. Such allegations describe, at most, a dispute concerning the timing and processing of Plaintiff's alleged do-not-call requests—not the intentional disregard of a known legal obligation.

As the Eleventh Circuit explained in *Lary*, "the bare assertion in [a] complaint that the defendants 'willfully' and 'knowingly' violated the Act [i]s a legal conclusion, not an allegation of fact that [the court] must accept as true." 780 F.3d at 1107. The FAC likewise does not plausibly allege that Defendant intentionally disregarded Plaintiff's requests, knowingly employed prohibited technology, or otherwise acted with the level of knowing or reckless misconduct necessary to

support enhanced statutory damages. Accordingly, Plaintiff's request for treble damages should be dismissed.

D. The Court should strike Plaintiff's proposed TCPA and FTSA Internal Do-Not-Call class allegations.

Plaintiff's proposed TCPA Internal Do-Not-Call Class is facially overbroad because it includes all persons who received two or more telephone solicitations after making a company-specific do-not-call request, without regard to whether those calls occurred after expiration of the regulatory compliance period prescribed by 47 C.F.R. § 64.1200(d)(3). At the time of Plaintiff's alleged calls, § 64.1200(d)(3) required that a company-specific do-not-call request be honored within a reasonable time, not to exceed thirty days from the request. Accordingly, the proposed class includes individuals who may have received calls during the regulatory compliance period and therefore may not have suffered any violation of § 64.1200(d).

Moreover, Plaintiff's proposed Internal Do-Not-Call Classes are not susceptible to resolution through common proof. Whether any putative class member possesses a viable claim necessarily depends on individualized inquiries concerning whether a company-specific do-not-call request was made, when and how it was made, whether Defendant received or recorded the request, which version of the governing regulation applies, and whether any subsequent calls occurred only after expiration of the applicable compliance period. The Eleventh Circuit has recognized that internal do-not-call claims inherently require individualized

determinations regarding whether consumers communicated do-not-call requests and whether any alleged injury is fairly traceable to a defendant's conduct. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1275 (11th Cir. 2019). Because those individualized issues are apparent from the face of the FAC, the Court should strike Plaintiff's proposed TCPA Internal Do-Not-Call Class. Alternatively, the Court should strike both proposed Internal Do-Not-Call Classes because the FAC demonstrates that resolution of those claims will necessarily depend on individualized proof rather than common evidence.

## V. CONCLUSION

For the foregoing reasons, Defendant eMortgage Funding LLC respectfully requests that the Court grant its Motion to Dismiss, dismiss Counts II and III of the FAC, dismiss Plaintiff's request for treble damages, strike Plaintiff's proposed TCPA Internal Do-Not-Call Class and FTSA Internal Do-Not-Call Class allegations, and grant such other and further relief as the Court deems just and proper.

Dated: July 8, 2026 Respectfully submitted,

*/s/ Nathan H. Lichtenstein*
Nathan H. Lichtenstein (IL Bar No. 1655469)
Khoa D. Trinh (IL Bar No. 6351044)
**ARONBERG GOLDGEHN**
225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
nlichtenstein@agdglaw.com
ktrinh@agdglaw.com

Carly A. Kligler (Fla. Bar No. 83980)
Sarah Gunn Perryman (Fla. Bar No. 1050375 )
**HILGERS PLLC**
3801 PGA Boulevard, Suite 600
Palm Beach Gardens, FL 33410
Telephone: (561) 485-1325
ckligler@hilgerslaw.com
sperryman@hilgerslaw.com

*Attorneys for Defendant eMortgage Funding LLC*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel for eMortgage Lending LLC certifies that on July 6, 2026, counsel for eMortgage contacted counsel for Plaintiff via email regarding eMortgage's intent to file this Partial Motion to Dismiss and Motion to Strike based on the Complaint's failure to state a claim and requested Plaintiff's position on the Motion. Plaintiff's counsel confirmed that Plaintiff opposes the Motion.

*/s/ Khoa Trinh*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026 I electronically filed the foregoing document with the Clerk of the court using the CM/ECF system, which sent notification of said filing to all CM/ECF participants.

*/s/ Khoa Trinh*