**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

JACOB DRAKE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

EMORTGAGE FUNDING LLC,
Defendant.

Case No. 8:26-cv-00697-WFJ-AAS

**DEFENDANT EMORTGAGE FUNDING, LLC'S MOTION FOR PROTECTIVE ORDER AND TO STAY CLASS-WIDE DISCOVERY PENDING RESOLUTION OF PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE**

Defendant eMortgage Funding, LLC ("eMortgage"), pursuant to Federal Rule of Civil Procedure 26(c), respectfully moves for entry of a protective order staying class-wide discovery pending resolution of eMortgage's Partial Motion to Dismiss and Motion to Strike. In support, eMortgage states:

## I. Background

Plaintiff asserts individual and putative class claims arising from telephone calls allegedly made by eMortgage. eMortgage has filed a Partial Motion to Dismiss and Motion to Strike challenging Counts II and III of the First Amended Class Action Complaint ("FAC"), Plaintiff's request for treble damages, and Plaintiff's proposed TCPA Internal Do-Not-Call Class and FTSA Internal Do-Not-Call Class allegations. Specifically, eMortgage contends, among other things, that Plaintiff's proposed

Internal Do-Not-Call Classes are facially deficient because determining whether putative class members possess viable claims would require individualized inquiries concerning whether a do-not-call request was made, when and how it was made, whether eMortgage received or recorded the request, the governing regulatory requirements, and the timing of any subsequent calls.

While that motion remains pending, Plaintiff has served substantial class-wide discovery. Plaintiff's Interrogatories Nos. 10–17 seek extensive class-wide information, including the universe of telephone numbers called by eMortgage, National Do Not Call Registry information, consent and transaction information, company-specific do-not-call requests, subsequent calls, and information directed toward identifying members of the proposed classes. Plaintiff's Requests for Production No. 13 similarly seeks comprehensive outbound calling data and No. 14 requests eMortgage to "identify the total number of unique telephone numbers to which a telemarketing call was made by Defendant…"—in essence, Defendant's internal do-not-call data.

eMortgage does not seek a blanket stay of discovery. It seeks only to defer class-wide discovery while the Court determines whether the challenged claims and proposed class allegations may proceed.

## II. Argument

Federal Rule of Civil Procedure 26(c) authorizes the Court, for good cause, to limit the timing and scope of discovery to protect a party from undue burden or expense. The Eleventh Circuit has recognized that discovery imposes substantial costs on both litigants and courts and that unnecessary discovery should be avoided where the legal sufficiency of a claim can first be resolved as a matter of law. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs."). Particularly relevant here, *Chudasama* explained that "when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." *Id.* at 1368; *see also id.* at 1367 (noting that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins").

Courts applying *Chudasama* have stayed discovery where facial challenges to the legal sufficiency of the pleadings may eliminate the need for the discovery

sought. *See, e.g.*, *McCabe v. Foley*, 233 F.R.D. 683, 685–86 (M.D. Fla. 2006) (granting temporary stay after concluding that defendants raised meritorious challenges to the legal sufficiency of the complaint). In the class-action context, a stay may also be appropriate where a pending motion, even if granted only in part, could substantially affect the viability of claims and materially alter the scope of discovery. *See Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1231 (S.D. Fla. 2023) (noting that even a partial grant of the pending motion would "substantially impact the viability of claims" and "drastically alter the scope of discovery").

Those considerations favor a limited stay here. Plaintiff's class-wide discovery extends well beyond the ten calls allegedly made to Plaintiff and seeks information concerning calls to other persons, do-not-call registrations and requests, consent and potential exceptions, subsequent calls, and putative class membership. Yet eMortgage's pending motion directly challenges claims and proposed classes that materially expand the scope of that discovery. Indeed, eMortgage's motion argues that the proposed Internal Do-Not-Call Classes themselves depend upon individualized determinations concerning the circumstances of each putative class member's alleged do-not-call request and subsequent calls. Resolution of the pending motion may therefore eliminate or materially narrow substantial portions of the class-wide discovery Plaintiff presently demands.

The requested class-wide discovery is also premature at the pre-certification stage independent of the pending motion. Under Federal Rules of Civil Procedure 26, this Court retains discretion to limit discovery in a manner proportional to the needs of the of the case, particularly where the requested discovery concerns persons who are not yet parties and proposed classes whose viability remains unresolved. Fed. R. 26(b)(1), (c)(1). Here, Plaintiff prematurely seeks comprehensive calling and do-not-call data concerning a number of unknown nonparties, before the Court has determined whether the challenged class allegations state viable claims or can proceed on a class-wide basis. Requiring eMortgage to collect, analyze, and produce considerable amounts of information would impose substantial burdens based on claims and proposed classes that the Court may ultimately dismiss or choose not to certify at all.

The requested relief is also narrowly tailored to avoid prejudice. eMortgage does not seek to stay discovery concerning Plaintiff, the calls alleged in the FAC, or Plaintiff's individual claims unaffected by the pending motion. Plaintiff may proceed with appropriately tailored individual discovery. If the challenged claims and class allegations survive, Plaintiff will have the opportunity to pursue appropriate class discovery thereafter. By contrast, requiring class-wide discovery now risks imposing substantial burden and expense concerning claims or proposed classes that may not remain in the case.

Accordingly, good cause exists to temporarily stay class-wide discovery pending resolution of eMortgage's Partial Motion to Dismiss and Motion to Strike.

## III. Conclusion

For these reasons, Defendant eMortgage Funding, LLC respectfully requests that the Court enter a protective order staying class-wide discovery, including Plaintiff's Interrogatories Nos. 10–17 and Requests for Production Nos. 13–14, pending resolution of Defendant's Partial Motion to Dismiss and Motion to Strike, and grant such other relief as the Court deems appropriate.

Dated: August 21, 2026

Respectfully submitted,
*/s/ Nathan H. Lichtenstein*

Nathan H. Lichtenstein
IL Bar No. 1655469
Khoa D. Trinh
IL Bar No. 6351044
**ARONBERG GOLDGEHN**
225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
nlichtenstein@agdglaw.com
ktrinh@agdglaw.com

Carly A. Kligler
Fla. Bar No. 83980
Sarah Gunn Perryman
Fla. Bar No. 1050375
**HILGERS PLLC**
3801 PGA Boulevard, Suite 600
Palm Beach Gardens, FL 33410
Telephone: (561) 485-1325
ckligler@hilgerslaw.com
sperryman@hilgerslaw.com

*Attorneys for Defendant eMortgage Funding LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026 I electronically filed the foregoing document with the Clerk of the court using the CM/ECF system, which sent notification of said filing to all CM/ECF participants.

*/s/ Khoa D. Trinh*

## **Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel conferred with Plaintiff's counsel on August 20, 2026 via electronic mail regarding the relief requested herein. Plaintiff opposes the requested relief.

*/s/ Nathan H. Lichtenstein*